PER CURIAM.

(No. 73-CC-12

JUBAL W. McKEE, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 24, 1973.*

JUERGENSMEYER & ZIMMERMAN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

BURKS, J.

This matter is now before the court on claimant's motion, filed April 27, 1973, for judgment on the pleadings.

Respondent has filed no objections to said motion and has, in fact, acknowledged that this is a justifiable claim for the stated amount by filing a letter dated February 16, 1973, from Joseph S. Coughlin, Acting Director of the Department of Corrections, stating that all of the allegations in the complaint are true to the best of his and that department's knowledge and belief. The file contains other supporting documents.

In granting claimant's motion, it is necessary to restate the facts on which this award is based, as required by §18 of the Court of Claims Act.

Complaint was filed herein on January 8, 1973, by Jubal W. McKee for payment of excessive deductions withdrawn from his payroll checks by the Department of Corrections for Blue Cross and Blue Shield Health Insurance benefits.

From November 1, 1970, through and including July 31, 1971, Jubal W. McKee was employed at the Valley View Boys' School, Valley View, Illinois, by the State of Illinois, Department of Corrections. During the above specified period, claimant was covered under a group Blue Cross and Blue Shield Health Insurance program, Insurance Certificate No. 22852-40200.

Premiums on the above specified insurance policy were paid in part by the claimant, and were effectuated by bi-monthly deductions from his payroll check.

The above specified deductions from claimant's bi-monthly check were made in accordance with and were equal to the amount established for family rates which would provide protection for an entire family. In fact, claimant was single during the entire above specified time, and the deductions which should have been made, should have been calculated on the basis of individual rates which would provide individual coverage.

As a result of the above miscalculations, excessive deductions were made during the entire period of time from November 1, 1970, through and including July 31, 1971, and claimant has suffered a loss thereby in the amount of Two Hundred Twelve and 40/100ths ($212.40) Dollars.

The Department of Corrections, after discussing the matter with its chief personnel officer, its legal advisor and others, concluded that this was a payroll error for which the department was responsible.

There being no issue of law or fact before us, we conclude that claimant is entitled to an award for the amount claimed.

Claimant, Jubal W. McKee, is hereby granted an award in the amount of $212.40.